[No. 3478. Sept. 17, 1930.]

RINGWALD v. LOWE et al.

[291 Pac. 492.]

T. A. Whelan, of Lovington, for appellants.

W. H. Patten, of Lovington, for appellee.

OPINION OF THE COURT

CATRON, J.

From a judgment in plaintiff's favor, adjudging a mineral deed absolute on its face, a mortgage to secure a debt in the sum of $320 and ordering reconveyance of the premises, the debt having been paid by cash tender in court, defendants appeal.

Appellee, plaintiff below, purchased from H. L. Lowe, one of the defendants below, an automobile. Disagreement between the parties as to the terms of the sale has resulted in this suit. Appellants contend, and they and their witnesses positively testified, that appellee purchased of the appellant, H. L. Lowe, a Chevrolet automobile and accessories for the sum of $840; that in payment thereof, appellee and his wife executed and delivered to the appellant H. L. Lowe a mineral deed, absolute on its face, to all the oil, gas, and mineral upon certain properties owned by appellee and his wife for the sum of $2 an acre, or $640; that in addition thereto, and to cover the balance of the purchase price, appellee gave his promissory note for $200, secured by a conditional sales contract on the

car. Appellee contends, and he and his witnesses positively testified, that in payment of the purchase price of the car, he and his wife executed an oil and gas lease to H. L. Lowe, upon the lands owned by them, in consideration of the sum of $320; in addition, he executed the promissory note and conditional sales contract above referred to in the sum of $200; that to secure the balance of the purchase price of the car, $320, appellee and his wife executed and delivered to appellant H. L. Lowe a mineral deed, absolute on its face, for all oil, gas, and mineral upon the premises owned by appellee and his wife, but with the understanding and agreement that said mineral deed should only be security for the said sum of $320 and could be redeemed by appellee and his wife within 30 or 60 days.

After hearing the evidence, the trial court sustained appellee's contention and made findings and conclusions in support thereof.

 Appellants and appellee agree that the only question before this court for determination is whether the findings of fact of the trial court are supported by substantial evidence. They further agree that in order to justify a court in holding a deed, absolute upon its face, to be a mortgage, the evidence must be clear and convincing. The real question for our consideration is, therefore: Does the record contain clear and convincing evidence to support the findings of the court? If it does, then the findings are supported by substantial evidence and will not be disturbed on appeal.

The evidence discloses that appellee and his wife repeatedly testified positively that the mineral deed given was only given as security for $320 with the privilege of redemption; that the oil lease was absolute and given in consideration of $320. It is not the province of this court to weigh the credibility of witnesses; that is a matter solely for the trial court or jury. We may only investigate to determine whether or not the trial court, believing the witnesses, had before it clear and convincing evidence of the facts found. It is not the number of witnesses nor the quantum of evidence on any given point which makes the evidence clear and convincing. The testimony of one

witness, if in itself positive, certain, and unambiguous, is just as clear and convincing, if believed by the court, as a great mass of testimony by a large number of witnesses would be. The trial court heard the evidence; it observed the demeanor of the witnesses on the stand; it believed the testimony of plaintiff's witnesses. We must hold that the testimony of plaintiff's witnesses, if believed, is clear and convincing and that the findings of fact are supported by substantial evidence.

Finding no error, the judgment of the trial court will be affirmed, and the cause remanded; and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.